UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M. KATHLEEN SCHWEIKHARDT,

      Plaintiff,

v.                                          Case No: 2:14-cv-466-FtM-29DNF

THE SCHOOL BOARD OF COLLIER
COUNTY, FLORIDA, in their
individual capacities, MARY
MURRAY, in their individual
capacities, and GERONIMO
MULHOLLAND, in their
individual capacities,

      Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #12) filed on September 11, 2014. Plaintiff has not filed a response and the time for doing so has expired.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

In August 2008, the School Board of Collier County (the "School Board") promoted Kathleen Schweikhardt (plaintiff), a 63 year old female, to the position of Head Guidance Counselor at Golden Gate Middle School. Plaintiff alleges that Principal Mary Murray (Murray) and Assistant Principal Geronimo Mulholland (Mulholland) harassed and discriminated against her during her employment as Head Guidance Counselor because of her age. Specifically, plaintiff alleges that: (1) she was given more difficult duties to perform because of her age; (2) she was denied access to certain employment-related training called "SILK Training" which was offered to employees under the age of 40; (3) she was given a poor performance evaluation after she complained of discriminatory treatment; and (4) she was demoted to the position of Counselor in April 2009. Plaintiff further alleges that the Head Guidance Counselor position was given to Adeena Sedlak-Horne, who was approximately 33 years old at the time.

Following her demotion, plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiff received notice of her right to sue on January 27, 2014, and initiated this action on April 28, 2014. Plaintiff filed a four-count Amended Complaint against the School Board, Murray, and Mulholland on August 15, 2014, alleging that defendants discriminated against her in violation of the Age Discrimination

3

and Employment Act of 1967 (ADEA) (Count I) and the Florida Civil Rights Act (FCRA) (Count IV), deprived "her of her rights as guaranteed by the Fourteenth Amendment" (Count II), and are liable for the intentional infliction of emotional distress (Count III). (Doc. #3.)

**III.**

Counts I and IV of plaintiff's Amended Complaint allege that defendants discriminated against her in violation of the ADEA and FCRA. The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order state a plausible claim for discrimination under the ADEA, plaintiff must allege that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was replaced by or otherwise lost a position to a younger individual; and (4) she was qualified to do the job. Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000).[1]

Here, plaintiff alleges that she was 63 years old when she was demoted from the Head Guidance Counselor position and that she was replaced by an individual who was approximately 33 years old.

---

[1] FCRA claims are subject to the same analysis as ADEA claims. Valenzuela v. GlobeGround North Am., LLC, 18 So. 3d 17, 21 (Fla. 3d DCA 2009).

4

(Doc. #3-1.) These allegations are sufficient to satisfy the first three elements of an age discrimination claim. Plaintiff, however, has failed to allege that she was qualified for the Head Guidance Counselor position. Thus, Counts I and IV will be dismissed without prejudice.

Counts I and IV are also dismissed without prejudice to the extent that plaintiff attempts to hold the individual defendants liable. See Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007) (holding that individual defendants are not amenable to private suit for violating the ADEA).

**IV.**

Defendants assert that plaintiff's § 1983 must be dismissed because it is barred by the four-year statute of limitations. The statute of limitations is an affirmative defense, and the burden of proving an affirmative defense is on the defendant. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005). Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. Id.

In order to determine the applicable statute of limitations for actions arising under § 1983, courts must look to the forum state's statute of limitations for personal injury actions. Wallace v. Kato, 549 U.S. 384, 387 (2007). The Eleventh Circuit has held that the four-year statute of limitations under Fla. Stat.

5

§ 95.11(3) applies to § 1983 claims arising in Florida. Ellison v. Lester, 275 F. App'x 900, 901-902 (11th Cir. 2008) (citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003)). The limitations period begins to run when "the plaintiffs know or should know [] that they have suffered the injury that forms the basis of their complaint." Chappell, 340 F.3d at 1283. Furthermore, the Supreme Court has held that the pendency of an EEOC claim does not toll the statute of limitations for a private civil rights claim because the two claims are "truly independent." Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 466 (1975).

Here, it is clear on the face of the Amended Complaint that plaintiff knew of the alleged discriminatory actions by September 3, 2009, the date she filed her charge of discrimination with the EEOC. (Doc. #3, ¶ 18; Doc. #3-1.) Plaintiff, however, did not file this action until April 28, 2014, more than seven months after the statute of limitations expired. Plaintiff's § 1983 claim in Count II is therefore barred by the statute of limitations.

## V.

To establish a cause of action for the intentional infliction of emotional distress, a plaintiff must show that the defendant's intentional conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metro Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-

79 (Fla. 1985). See also Gallogly v. Rodriguez, 970 So. 2d 470, 471 (Fla. 2d DCA 2007). The conduct must be evaluated on an objective basis; the plaintiff's subjective response to the conduct does not control. McCarson, 467 So. 2d at 278-79. However, a defendant's knowledge of a person's particular susceptibility to emotional distress is relevant in determining whether the conduct is extreme or outrageous; however, the mere fact that the defendant knows the person's feelings will be hurt by the conduct is not enough; it must be outrageous. Liberty Mut. Ins. Co. v. Steadman, 968 So. 2d 592, 595-96 (Fla. 2d DCA 2007) (citing Restatement (Second) of Torts § 46 cmt. f). Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993) (quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)). See also Gandy v. Trans World Computer Tech. Grp., 787 So. 2d 116, 119 (Fla. 2d DCA 2001).

Plaintiff alleges that she suffered severe emotional distress as a result of Murray and Mulholland's "intentional conduct of 1) demoting Plaintiff [] in a manner that was based on age discrimination-a characteristic that is unalterable and a fact of life; [and] 2) utilizing the employee review process to attempt to force Plaintiff to resign." (Doc. #3, ¶ 57.) These allegations, accepted as true, simply do not rise to level of egregious conduct

required to state a claim for intentional infliction of emotional distress. See Williams v. Worldwide Flight Servs., Inc., 877 So. 2d 869, 870 (Fla. 3d DCA 2004) (plaintiff must allege more than mere insults, indignities, threats, or false accusations). See also Duckworth v. Symon Says Enter., Inc., No. 8:13-cv-2829-T-33AEP, 2014 WL 495389, at *3 (M.D. Fla. Feb. 6, 2014). Accordingly, Count III of the Amended Complaint is dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #12) is **GRANTED** as follows: Counts I, III, and IV are **dismissed without prejudice** and Count II is **dismissed with prejudice.** Plaintiff may file a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of March, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record