```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

M. KATHLEEN SCHWEIKHARDT,

       Plaintiff,

v.                                      Case No: 2:14-cv-466-FtM-29MRM

THE SCHOOL BOARD OF COLLIER
COUNTY, FLORIDA, in their
individual capacities, MARY
MURRAY, in their individual
capacities, and GERONIMO
MULHOLLAND, in their
individual capacities,

       Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss Second Amended Complaint (Doc. #26) filed on June 1, 2015. Despite being given an extension of time (Doc. #28), plaintiff has not filed a response and the time for doing so has expired.

**I.**

According to the Second Amended Complaint, in August 2008, the School Board of Collier County (the "School Board") promoted Kathleen Schweikhardt ("plaintiff"), a female over 40 years of age, to the position of Head Guidance Counselor at Golden Gate Middle School. (Doc. #23, ¶ 36.) Plaintiff alleges that Principal Mary Murray ("Murray") and Assistant Principal Geronimo Mulholland

("Mulholland") thereafter harassed and discriminated against her because of her age. (Id. ¶ 37.) Specifically, plaintiff alleges that she was discriminated against due to her age in the following ways: (1) she was given more difficult duties to perform; (2) she was denied access to certain employment-related training called "SILK Training" which was offered to employees under the age of 40; (3) she was given a poor performance evaluation after she complained of discriminatory treatment; (4) she was assigned a student load significantly greater than that assigned to any other counselor; (5) she was required to serve without additional administrative support as the school's counsel for English Language Learners; (6) she had her full-time assistant taken away; and (7) she was demoted to the position of Counselor in April 2009. (Id. ¶ 38.) Plaintiff further alleges that the Head Guidance Counselor position taken from her was given to a woman who was less than 30 years old at the time. (Id.)

Either "[i]n response to being terminated" (Id. ¶ 21) or "[i]n response to being demoted" (Id. ¶ 43), plaintiff filed a timely Charge of Discrimination dated September 3, 2009 with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations. (Id. ¶ 21.) Plaintiff received notice of her right to sue on August 26, 2013 (Id. ¶ 45) or January 27, 2014 (Id. ¶ 23), and initiated this action on April 28, 2014. (Doc. #2.)

Plaintiff's Second Amended Complaint, the operative pleading, alleges that defendants discriminated against her in violation of (1) the Age Discrimination in Employment Act ("ADEA") (Count I) and (2) the Florida Civil Rights Act ("FCRA") (Count II). (Doc. #23.) While the Second Amended Complaint contains various stray references to claims of equal protection under the Fourteenth Amendment, 42 U.S.C. § 1983 and §1985, and common law claims (Id. ¶¶ 11, 14-16), these references are stricken because it is clear that the two actual counts allege only an ADEA claim and a FCRA claim.

Defendants now move to dismiss plaintiff's Second Amended Complaint. Defendants assert that plaintiff lacks standing to bring her claims, her claims have been mooted by her voluntary retirement, her state age discrimination claim (Count II) is untimely, and the individual defendants are not personally liable under either the state or federal age discrimination statutes.

**II.**

**A. Plaintiff's Standing**

Pursuant to Fed. R. Civ. P. 12(b)(1), defendants first make a factual challenge to the Court's subject matter jurisdiction. Defendants assert that plaintiff lacks standing to obtain injunctive relief under her age discrimination claims because she voluntarily retired from her former employment effective June, 2013. Thus, defendants assert that as a matter of law plaintiff

3

cannot establish she is threatened with any future age discrimination by defendants, and therefore fails to establish the injury-in-fact required for constitutional standing and the likelihood of future injury required to obtain injunctive relief.

The Court clearly has subject matter jurisdiction over the ADEA claim, 28 U.S.C. § 1331, and has supplemental jurisdiction over the FCRA claim, 28 U.S.C. § 1367.  Defendants assert plaintiff is not entitled to injunctive relief, one of the several forms of relief she requests, and therefore seeks to dismiss either that requested relief (Doc. #23, p. 11) or the claims in their entirety. (Id. at 3.)

Standing simply means that the plaintiff is entitled to "walk through the courthouse door" and raise her grievance before a federal court; it is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits.  Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1280 (11th Cir. 2001).  Courts must not conflate the standing inquiry with resolution of the merits.  Id.  Nonetheless, "a plaintiff must demonstrate standing separately for each form of relief sought."  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352, (2006) (internal quotation marks omitted).

The relief requested in Count I includes an order "enjoining the Defendants from discriminating against the Plaintiff on the basis of her age." (Doc. #23, p. 11.)  While the Second Amended

Complaint makes no reference to plaintiff's retirement, she has not disputed this fact for Rule 12(b)(1) purposes. The Second Amended Complaint alleges no facts which would suggest any age discrimination to plaintiff as a retiree or any adverse impact from prior alleged age discrimination on plaintiff's status or benefits as a retiree. Thus, plaintiff has not alleged any plausible basis to support her requested injunctive relief. That does not, however, establish plaintiff lacks standing to pursue her ADEA claim. An inability to obtain one form of requested relief does not affect the subject matter jurisdiction of the court as to other forms of relief requested in the ADEA claim. While the request for injunctive relief is due to be stricken, the Court continues to have subject matter jurisdiction over the substantive claims.

### B. Mootness

Similarly, defendants claim the court lacks subject matter jurisdiction over the claims because plaintiff's claims for damages and injunctive relief are moot. Defendants assert plaintiff suffered no monetary damages and is no longer employed by the School District, rendering the claims moot and the court without subject matter jurisdiction.

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in

the outcome of the litigation, the case is not moot." Knox v. Serv. Emps. Intern. Union, Local 1000, 132 S. Ct. 2277, 2287 (2012) (citations omitted) (internal quotation marks omitted). The Second Amended Complaint at least implies the existence of money damages in Count I (paragraph 26 alleges plaintiff "endured damages" as result of the age discrimination). As stated above, an inability to obtain some of the relief requested does not defeat the court's subject matter jurisdiction over the claims.

### III.

While the Court has subject matter jurisdiction over the claims, plaintiff must still comply with the federal pleading standards. Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**A. ADEA**

Defendants assert that even if subject matter jurisdiction is present, plaintiff has failed to state a claim upon which relief can be granted because plaintiff has failed to allege any adverse employment action was taken against her. The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

because of such individual's age." 29 U.S.C. § 623(a)(1). In order state a prima facie claim for discrimination under the ADEA, plaintiff must plausibly allege that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was replaced by or otherwise lost a position to a younger individual; and (4) she was qualified to do the job. Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000).[1] In Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009), the Supreme Court held that the language "because of" in the ADEA statute means that plaintiff must prove that age discrimination was the "but-for" cause of the adverse employment action.

An adverse employment action must involve "an ultimate employment decision . . . or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). Proof of direct economic consequences is not required in all cases, but

---

[1] FCRA age discrimination claims are subject to the same analysis as ADEA claims. Cardelle v. Miami Beach Fraternal Order of Police, 593 F. App'x 898, 901 (11th Cir. 2014); Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1455 n.2 (11th Cir. 1997); Valenzuela v. GlobeGround N. Am., LLC, 18 So. 3d 17, 21 (Fla. 3d DCA 2009). "Federal case law interpreting Title VII and the ADEA applies to cases arising under the FCRA." City of Hollywood v. Hogan, 986 So. 2d 634, 641 (Fla. 4th DCA 2008).

"the asserted impact cannot be speculative and must at least have a tangible adverse effect on the plaintiff's employment." Davis v. Town of Lake Park, 245 F.3d 1232, 1239 (11th Cir. 2001). Courts have held that a demotion can be a tangible employment action which is an alteration in the terms and conditions of employment. Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998); Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1247 (11th Cir. 1998). See also Holland v. Gee, 677 F.3d 1047, 1057 (11th Cir. 2012); Hinson v. Clinch Cnty., Ga. Bd. of Educ., 231 F.3d 821, 829 (11th Cir. 2000) (a transfer can be adverse "if it involves a reduction in pay, prestige or responsibility.").

Here, plaintiff has alleged that she was promoted to Head Guidance Counselor and then given more difficult duties to perform, denied access to certain employment-related training, given a poor performance evaluation after complaining of discrimination, assigned a significantly greater student load than other counselors, required to serve as counselor for English Language Learners without additional administrative support, had her full-time assistant taken away, and demoted. Plaintiff also asserts the existence of resulting monetary damages. Taken together, these allegations satisfy the adverse employment action requirement.

**B. Individual Liability**

Plaintiff's Second Amended Complaint once again asserts claims against individual defendants under the ADEA and FCRA.

Defendants move to dismiss these individual capacity claims on the basis that this Court has already ruled that individual liability is not available. (See Doc. #22, p. 5.)

Both Eleventh Circuit and Florida case law are clear that there is only employer liability for an ADEA claim and a FCRA claim. Albra v. Avan, Inc., 490 F.3d 826, 830 (11th Cir. 2007); Mason v. Stallings, 83 F.3d 1007, 1009 (11th Cir. 1996) ("[T]he 'agent' language was included to ensure *respondeat superior* liability of the employer for the acts of its agents . . . ."); Patterson v. Consumer Debt Mgmt. and Educ., Inc., 975 So. 2d 1290, 1292 (Fla. 4th DCA 2008). Plaintiff cites no intervening law which changes this result. Accordingly, Counts I and II are dismissed with prejudice as to Mary Murray and Geronimo Mulholland in their individual capacities.

**C. Statute of Limitations For Count II**

Defendants move to dismiss Count II of plaintiff's Second Amended Complaint as barred by the statute of limitations. The statute of limitations is an affirmative defense, and the burden of proving an affirmative defense is on the defendant. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1292 (11th Cir. 2005). "The general rule for the application of a statute of limitations is that the time for filing an action begins to run when the cause of action accrues, and a cause of action is said to accrue when 'the last element constituting the

cause of action occurs.'" Maggio v. Dep't of Labor & Emp't Sec., 910 So. 2d 876, 878 (Fla. 2d DCA 2005) (citing Fla. Stat. § 95.031). There is a four-year statute of limitations as to the FCRA claim. Joshua v. City of Gainesville, 768 So.2d 432, 439 (Fla. 2002). Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. Tello, 410 F.3d at 1292.

The last discriminatory conduct alleged by plaintiff is her demotion in April, 2009. To bring a FCRA claim, plaintiff must follow certain procedural requirements, which the Florida Supreme Court has described as follows:

> As a prerequisite to bringing a civil action based upon an alleged violation of the FCRA, the claimant is required to file a complaint with the FCHR within 365 days of the alleged violation. See § 760.11(1). Under section 760.11(3), the FCHR is then required to determine within 180 days whether or not reasonable cause exists. . . . If the FCHR makes a "reasonable cause" determination, section 760.11(4) provides the claimant with two options: he or she may (1) bring a civil action or (2) request an administrative hearing. . . . On the other hand, under section 760.11(7), if the FCHR makes a determination that there is not reasonable cause ("no cause"), the claimant may request an administrative hearing, but must do so within 35 days of the date of the "no cause" determination. If the request is not made within 35 days, the claim is barred. . . . Finally, if the FCHR fails within 180 days to make a determination either way regarding whether reasonable cause exists, section

11

> 760.11(8) states that the claimant may proceed under subsection (4) as if the FCHR made a "reasonable cause" determination.
>
> . . .
>
> Giving effect to all provisions of section 760.11 presents the following cohesive view of the FCRA: The FCHR must determine whether or not reasonable cause exists within 180 days. See § 760.11(3). If the FCHR makes a "reasonable cause" determination, the claimant may bring a civil action or request an administrative hearing. See § 760.11(4). However, if the FCHR makes a "no cause" determination, the claimant may request an administrative hearing, but must do so within 35 days, otherwise the claim will be barred. See § 760.11(7). Finally, if the FCHR fails to make a determination regarding whether reasonable cause exists within 180 days, the claimant may proceed under subsection (4) as if the FCHR made a "reasonable cause" determination. See § 760.11(8).

Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So. 2d 891, 894-95 (Fla. 2002). Although a claimant is required to file an administrative complaint, "the four-year statute of limitations ran from the accrual of the cause of action and was not tolled by the administrative process." Ross v. Jim Adams Ford, Inc., 871 So. 2d 312, 313 (Fla. 2d DCA 2004). While a claimant may withdraw his administrative complaint after 180 days if there is no resolution, the statute of limitations is not tolled. Id.

Plaintiff's Charge of Discrimination alleges discriminatory actions from August 2008 through April 2009, when she was demoted. Plaintiff filed a Charge of Discrimination

12

with the Florida Commission on Human Relations dated September 3, 2009. (Doc. #23, p. 15.) As of March 3, 2010, 180 days had passed without any resolution of her charge of discrimination, and therefore plaintiff could file a civil action thereafter. Plaintiff received her Right to Sue letter on January 23, 2014. (Doc. #23, p. 16), and filed her original Complaint on April 28, 2014. Even assuming the statute of limitations was tolled until March 3, 2010, the first day plaintiff could actually file a civil action, the four year statute of limitations expired on March 3, 2014. Plaintiff filed suit on April 28, 2014, and therefore the record establishes the civil action is barred by the statute of limitations. Accordingly, plaintiff's claim for discrimination under the FCRA is barred by the four-year statute of limitations.

Accordingly, it is now

**ORDERED:**

1. Those portions of the Second Amended Complaint containing references to claims of equal protection under the Fourteenth Amendment, 42 U.S.C. §§ 1983 and 1985, and common law claims (Doc. #23, ¶¶ 11, 14-16) are **STRICKEN**.

2. Defendants' Motion to Dismiss Second Amended Complaint (Doc. #26) is **GRANTED PART AND DENIED IN PART** as follows: (a) Counts I and II are **dismissed with prejudice** as to defendants Mary Murray and Geronimo Mulholland in their

13

individual capacities; (b) Count II is **dismissed with prejudice** as to the School Board of Collier County, Florida; and (c) plaintiff's request for injunctive relief is **stricken**. The motion is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of October, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record